## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| Tyrell Hills, <br><br> Plaintiff, <br> v. <br><br> Riexinger & Associates, LLC; and DOES 1-10, inclusive, <br><br> Defendants. | Civil Action No.: CIV-13-469-D <br><br> **COMPLAINT AND DEMAND FOR JURY TRIAL** |

For this Complaint, the Plaintiff, Tyrell Hills, by undersigned counsel, states as follows:

### JURISDICTION

1. This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), and the invasions of Plaintiff's personal privacy by the Defendant and its agents in their illegal efforts to collect a consumer debt.

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

4. The Plaintiff, Tyrell Hills ("Plaintiff"), is an adult individual residing in Ponca City, Oklahoma, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5. Defendant Riexinger & Associates, LLC ("Riexinger"), is a Georgia business entity with an address of 3100 Breckinridge Boulevard, Suite 722, Duluth, Georgia 30096, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6. Does 1-10 (the "Collectors") are individual collectors employed by Riexinger and whose identities are currently unknown to the Plaintiff.  One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7. Riexinger at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A. The Debt

8. The Plaintiff allegedly incurred a financial obligation in the approximate amount of $254.24 (the "Debt") to Continental Finance (the "Creditor").

9. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10. The Debt was purchased, assigned or transferred to Riexinger for collection, or Riexinger was employed by the Creditor to collect the Debt.

11.     The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

### B. Riexinger Engages in Harassment and Abusive Tactics

12.     Within the last year, Riexinger contacted Plaintiff in an attempt to collect the Debt.

13.     During the initial conversation, Plaintiff informed Riexinger that he just became aware of the Debt and requested a collection letter in the mail to which he could respond requesting validation of the Debt.

14.     Riexinger stated that such letter had already been mailed to Plaintiff's last known address and it came back as undeliverable.

15.     Plaintiff provided Riexinger with his current address and asked for the same letter to be sent to that address.

16.     Riexinger refused to do so and stated that "our client knows it is a valid debt".

17.     Further, Riexinger offered Plaintiff to settle to the Debt for 50 per cent of its value, but stated taht the settlement offer would no longer be valid should Plaintiff request validation.

### C. Plaintiff Suffered Actual Damages

18.     The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

19. As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

20. The Defendants' conduct was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

## COUNT I

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692, *et seq.*

21. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

22. The Defendants' conduct violated 15 U.S.C. § 1692d in that Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt.

23. The Defendants' conduct violated 15 U.S.C. § 1692e in that Defendants used false, deceptive, or misleading representation or means in connection with the collection of a debt.

24. The Defendants' conduct violated 15 U.S.C. § 1692e(10) in that Defendants employed false and deceptive means to collect a debt.

25. The Defendants' conduct violated 15 U.S.C. § 1692f in that Defendants used unfair and unconscionable means to collect a debt.

26. The Defendants' conduct violated 15 U.S.C. § 1692g(a) in that Defendants failed to send Plaintiff an initial letter within five days of its initial contact with Plaintiff as required by law.

27. The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

28. The Plaintiff is entitled to damages as a result of Defendants' violations.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays that judgment be entered against the Defendants:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against the Defendants;
2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against the Defendants;
3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against the Defendants;
4. Actual damages from the Defendants for all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA violations; and intentional and/or reckless invasions of privacy in an amount to be determined at trial for the Plaintiff;
5. Punitive damages; and
6. Such other and further relief as may be just and proper.

Dated: May 8, 2013

                                Respectfully submitted,

                                By  */s/ Sergei Lemberg*

                                Sergei Lemberg, Esq.
                                LEMBERG & ASSOCIATES L.L.C.
                                1100 Summer Street, 3rd Floor
                                Stamford, CT 06905
                                Telephone: (203) 653-2250
                                Facsimile:  (203) 653-3424
                                E-Mail: slemberg@lemberglaw.com
                                Attorneys for Plaintiff